United States District Court
Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| BRIANNE KELLY, Individually and as Next Friend of M.K., a Minor, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil No. 3:23-cv-02676-K |
| UMR, INC., and UNITED HEALTHCARE SERVICES, INC., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Judgment on the Pleadings (the "Motion")(Doc. No. 17) filed by Defendants UMR, Inc. and United Healthcare Services, Inc.'s (together, "Defendants"). Plaintiff Brianne Kelly, Individually and as Next Friend of M.K., a Minor ("Plaintiff") filed a Response (Doc. No. 18) to the Motion, and Defendants filed a Reply in Support (Doc. No. 19).

In a previous order denying Plaintiff's motion to remand, the Court found that Plaintiff's state law claim for negligent misrepresentation "is within the scope of ERISA Section 502(a), necessarily depends on ERISA, and is therefore completely preempted by ERISA." Doc. No. 9 at 5; *see id.* at 3 (concluding Plaintiff's claim "is essentially a claim for ERISA estoppel"); *see also Martinez v. Prudential Ins. Co. of Am.,* 594 F. Supp. 3d 827, 838–39 (S.D. Tex. 2021) ("Because complete preemption is a jurisdictional doctrine (it confers exclusive federal jurisdiction), a state-law claim that is in fact an

1

ERISA claim cannot be dismissed as completely preempted."). The Court has carefully reviewed the Motion, the Response, the Reply, the relevant portions of the record, and the applicable law. The Court finds that, taken in the light most favorable to Plaintiff, the state court Petition states a valid claim for relief. *See Quality Infusion Care Inc. v. Humana Health Plan of Tex., Inc.,* 290 Fed. Appx. 671, 682–83 (5th Cir. 2008); *see also Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 598 n. 62 (5th Cir. 2015) (recognizing that "at least one of our district courts does not dismiss the [completely preempted] claim, instead treating it as having become a properly asserted federal claim and proceeding to adjudicate it on the merits."); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) (complete preemption under § 502(a) "transmogrif[ies] a state cause of action into a federal one").

The Court **DENIES** Defendants' Motion for Judgment on the Pleadings. By its ruling, the Court is not commenting on whether Plaintiff's claim will survive a determination on the merits.

**SO ORDERED.**

Signed January 22nd, 2025.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE